IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY L. BEDFORD,<br><br>    Petitioner,<br><br>  v.<br><br>ROBERT AYERS, Warden,<br><br>    Respondent.<br>_____ | No. C 06-0748 CW (PR)<br><br>ORDER DENYING RESPONDENT'S<br>MOTION TO DISMISS<br><br>(Docket no. 14) |

In response to the Court's Order to Show Cause, Respondent filed a motion to dismiss Petitioner's habeas petition as untimely (docket no. 14). Petitioner opposes the motion, and Respondent filed a reply to the opposition. For the reasons discussed below, the Court DENIES the motion to dismiss.

## BACKGROUND

In 2001, a Santa Clara County jury found Petitioner guilty of resisting an executive officer. On June 1, 2001, the trial court found true Petitioner's prior strike allegations and sentenced Petitioner to state prison for twenty-five years to life pursuant to California's Three Strikes law.

On August 29, 2002, the California Court of Appeal affirmed his conviction. (Resp't Ex. 1.) On November 13, 2002, the California Supreme Court denied Petitioner's petition for review. (Resp't Ex. 2.)

On May 20, 2003, Petitioner filed a state habeas petition in the Santa Clara County Superior Court raising two claims: (1) his

sentence under California's Three Strikes law was unconstitutional because his prior conviction was invalid due to insufficient evidence and (2) ineffective assistance of counsel (IAC) based on his trial counsel's failure to call an exculpatory witness. (Resp't Ex. 3; Pet. at 4.)  On July 21, 2003, the superior court denied the petition, specifically denying the second claim without prejudice.  (Resp't Ex. 4.)  Petitioner then filed an amended state habeas petition with regard to the second claim, which the superior court denied on October 8, 2003.  (Resp't Ex. 5.)

On October 30, 2003, Petitioner filed a state habeas petition with the California Court of Appeal, raising the two claims previously raised in superior court.  (Resp't Ex. 6.)  The appellate court denied the petition on January 14, 2004.  (Pet. at 5.)  On February 2, 2004, Petitioner filed a state habeas petition in the California Supreme Court raising the same two claims. (Resp't Ex. 7.)  The state supreme court denied the petition on December 1, 2004.  (Pet. at 5.)

On January 7, 2005, Petitioner filed a second state habeas petition in the California Supreme Court raising two new claims: (1) insufficiency of the evidence because Petitioner's level of intoxication at the time of the incident showed that he lacked the requisite <u>mens rea</u> to commit the crime of resisting an officer and (2) IAC based on his trial counsel's failure to argue the aforementioned claim of insufficiency of the evidence.  (Resp't Ex. 8, Pet. at 5.)

On January 27, 2005, Petitioner filed his first federal habeas petition in this Court, while his second state habeas petition was still pending.  <u>See</u> <u>Bedford v. Brown</u>, Case No. C 05-0403 CW (PR).

2

Petitioner raised two claims: (1) the trial court erred in instructing the jury using California Jury Instructions Criminal (CALJIC) No. 17.41.1 and (2) IAC based on his trial counsel's failure to call an exculpatory witness. (Jan. 23, 2005 Pet. at 7-8.) Petitioner also indicated that he had pending a state habeas petition, which included the two other claims relating to insufficiency of the evidence. (Id. at 7.) On October 12, 2005, the Court dismissed the petition for failure to exhaust state judicial remedies and granted Petitioner leave to file an amended petition within thirty days of the date of the order if the state supreme court had ruled on his state habeas petition. (Oct. 12, 2005 Order at 3.) Otherwise his petition would be dismissed without prejudice and without further leave to amend. (Id.) Petitioner failed to file his amended petition within the thirty-day deadline. (Dec. 1, 2005 Order at 1.) On December 1, 2005, the Court dismissed the petition without prejudice, entered judgment in favor of Respondent, and closed the case. (Id.)

On December 14, 2005, the California Supreme Court denied Petitioner's second state habeas petition.

On January 23, 2006, Petitioner signed his second federal habeas petition and it was file stamped in this Court on February 2, 2006.

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which became law on April 24, 1996, imposed a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging non-capital

state convictions or sentences must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. See 28 U.S.C. § 2244(d)(1).

A state prisoner with a conviction finalized after April 24, 1996, such as Petitioner, ordinarily must file his federal habeas petition within one year of the date his process of direct review came to an end.  See Calderon v. United States District Court (Beeler), 128 F.3d 1283, 1286 (9th Cir. 1997), overruled in part on other grounds by Calderon v. United States District Court (Kelly), 163 F.3d 530 (9th Cir. 1998) (en banc).

The one-year period generally will run from "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  "Direct review" includes the ninety-day period during which a criminal appellant can file a petition for a writ of certiorari from the United States Supreme Court, whether he actually files such a petition or not.  Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999).

In the present case, the California Supreme Court denied

4

review on November 13, 2002. The judgment became final for purposes of the statute of limitations ninety days later, on February 11, 2003. See Bowen, 188 F.3d at 1159. The one-year limitations period, therefore, began to run on that date. Accordingly, Petitioner had until February 11, 2004 to file the instant petition. See 28 U.S.C. § 2244(d). Therefore, his second federal habeas petition filed on January 23, 2006,[1] almost two years after the limitations period had expired, is untimely absent tolling or relation back to the first federal petition.

The petition may nonetheless be timely if the limitations period was tolled under 28 U.S.C. § 2244(d)(2) for a substantial period of time. AEDPA's one-year limitations period is tolled under § 2244(d)(2) for the "'time during which a properly filed application for State post-conviction or other collateral review [with respect to the pertinent judgment or claim] is pending.'" Dictado v. Ducharme, 244 F.3d 724, 726 (9th Cir. 2001) (quoting 28 U.S.C. § 2244 (d)(2)). In Carey v. Saffold, 536 U.S. 214, 223 (2002), the Supreme Court held that the limitations period is also tolled during the time between a lower state court's decision and the filing of a notice of appeal to a higher state court. In California, where prisoners generally use the State's "'original

---

[1] A pro se federal habeas petition is deemed filed on the date it is delivered to prison authorities for mailing. See Saffold v. Newland, 250 F.3d 1262, 1268 (9th Cir. 2001), vacated and remanded on other grounds, Carey v. Saffold, 536 U.S. 214 (2002) (holding that a federal or state habeas petition is deemed filed on the date the prisoner submits it to prison authorities for mailing, rather than the date it is received by the courts). January 23, 2006 is the date the instant petition was signed and the earliest date that the petition could have been delivered to prison authorities for mailing. The Court assumes for the purposes of this discussion that the petition was delivered to prison authorities on that date.

5

writ' system," this means that the limitations period remains tolled during the intervals between a state court's disposition of an original state habeas petition and the filing of a further original state habeas petition in a higher court, provided the prisoner did not delay unreasonably in seeking review in the higher court. See id. at 220-25.[2]

Accordingly, the one-year limitations period began running against Petitioner on February 11, 2003 and ran until it was tolled by the filing of his state habeas petition in the Santa Clara County Superior Court on May 20, 2003, which is a period of ninety-eight days. Therefore, Petitioner only had 267 more days (365 days minus 98 days) -- about nine months -- to file his federal habeas petition.

Petitioner is entitled to tolling for one complete round of state habeas review. See Carey, 536 U.S. at 223. Therefore, the limitations period was tolled from May 20, 2003 (the date on which he filed his first state habeas petition in the superior court) to December 1, 2004 (the date on which the state supreme court denied his first state habeas petition). This period of statutory tolling includes the seventy-nine days from July 21, 2003 (the date on which the superior court denied Petitioner's first state habeas petition) until October 8, 2003 (the date on which the superior

---

[2] In California, the supreme court, intermediate courts of appeal, and superior courts all have original habeas corpus jurisdiction. Nino v. Galaza, 183 F.3d 1003, 1006 n.2 (9th Cir. 1999). Although a superior court order denying habeas corpus relief is non-appealable, a state prisoner may file a new habeas corpus petition in the California Court of Appeal. Id. If the appellate court denies relief, the petitioner may seek review in the California Supreme Court by way of a petition for review, or may instead file an original habeas petition. Id. at 1006 n.3.

court denied Petitioner's second habeas petition) because the superior court denied the petition without prejudice and Petitioner promptly amended his second claim.

Petitioner then filed his second state habeas petition containing two new claims in the state supreme court on January 7, 2005. However, the filing of a second state habeas petition does not toll the limitations because Petitioner is entitled to tolling for only one complete round of state habeas review. See Carey, 536 U.S. at 223.

Prior to receiving a decision from the state supreme court, Petitioner filed his first federal petition on January 27, 2005, which was dismissed as unexhausted. After Petitioner's state habeas petition was denied on December 14, 2005, he filed his second federal petition on January 23, 2006.

In sum, the statute resumed running on December 1, 2004, the date the California Supreme Court's denial of Petitioner's state habeas petition was final,[3] and ran until January 23, 2005,[4] the

---

[3] The Court notes that in 2002, the Ninth Circuit held that tolling under § 2244(d)(2) ended thirty days after the California Supreme Court's denial of the final habeas petition was filed because that was when the denial became "final" under former California Rule of Court 24. Allen v. Lewis, 295 F.3d 1046, 1046 (9th Cir. 2002) (en banc) (reaffirming Bunney v. Mitchell, 262 F.3d 973, 974 (9th Cir. 2001)). However, the rationale of Allen only applies to denials the California Supreme Court filed before January 1, 2003. On January 1, 2003, the California Supreme Court made clear that its orders denying petitions for a writ of habeas corpus within its original jurisdiction are final on filing. Cal. Rule of Court 8.532(b)(2)(C). Accordingly, the denial of Petitioner's state habeas petition within the California Supreme Court's original jurisdiction was final on the date of its filing, December 1, 2004.

[4] Under the mailbox rule mentioned above, the Court assumes for the purposes of this discussion that the petition was delivered to prison authorities on January 23, 2005, the date his first federal petition was signed.

7

date his first federal petition was deemed filed, which is 53 additional days.  Therefore, a total of 151 days (98 days plus 53 days) had elapsed before Petitioner filed his first federal petition on January 23, 2005.  Therefore, his first federal petition was timely because it was filed before the limitations period expired.

The Court finds merit in Petitioner's argument that his second federal petition is not time-barred because it relates back to the date he filed his previously dismissed first federal petition.  The record shows that Petitioner's first federal petition contained at least one exhausted claim -- his IAC claim relating to his trial counsel's failure to call an exculpatory witness.  It is not evident from the record whether or not his claim of instructional error was exhausted.  The dismissal of Petitioner's first federal petition was improper because the Court did not inform Petitioner that he could ask to stay the proceedings while he exhausted his unexhausted claims in state court.  See Ford v. Hubbard, 330 F.3d 1086, 1102 (9th Cir. 2003) (relating back second petition where dismissal of mixed petition was improper because district court had not informed pro se petitioner of stay option or of petition's status under AEDPA's limitations period), rev'd on other grounds sub nom. Pliler v. Ford, 542 U.S. 225 (2004); Anthony v. Cambra, 236 F.3d 568, 574 (9th Cir. 2000) (allowing court to exercise its equitable powers to accept new petition nunc pro tunc to date earlier petition filed, where earlier petition had been dismissed without providing petitioner choice of deleting unexhausted claims or accepting dismissal of entire petition).  If a petitioner's prior mixed petition was improperly dismissed, and he accepted the

dismissal, exhausted his state court remedies, and then filed a second petition without unreasonable delay, the second petition relates back to and preserves the filing date of the improperly-dismissed initial petition under Federal Rule of Civil Procedure 15(c). Accordingly, the Court finds that Petitioner's second federal petition is timely because it relates back to the date Petitioner filed his first petition -- January 23, 2005. This relation-back only applies to claims included in the initial petition; any new claims in the second petition that were not presented in the original petition do not relate back to the initial petition. <u>Ford</u>, 330 F.3d at 1105. However, the Court construes Petitioner's statement in his first federal petition -- that he was pursuing his two other claims relating to insufficiency of the evidence in a second state habeas petition that was pending -- as an attempt to preserve them in his first federal petition. The Court finds that the two claims in Petitioner's second federal petition relate back to the original two claims in the first federal petition, which were timely filed on January 23, 2005 before the limitations period expired.

Accordingly, the Court DENIES Respondent's motion to dismiss the second federal petition as untimely.

CONCLUSION

For the foregoing reasons,

1. Respondent's motion to dismiss the petition (docket no. 14) is DENIED.

9

2.  Within ninety (90) days of the date of this Order, Respondent shall file an Answer showing cause why a writ of habeas corpus should not be issued. Respondent shall file with the Answer a copy of all state records that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

3.  If Petitioner wishes to respond to the Answer, he shall do so by filing a Traverse with the Court and serving it upon Respondent within thirty (30) days of his receipt of the Answer. Should Petitioner fail to do so, the petition will be deemed submitted and ready for decision thirty (30) days after the date Petitioner is served with Respondent's Answer.

4.  Petitioner must keep the Court informed of any change of address.

5.  This Order terminates Docket no. 14.

IT IS SO ORDERED.

DATED: 3/19/08

_____
CLAUDIA WILKEN
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

GREGORY L BEDFORD,

        Plaintiff,

v.

S ORNOSAI et al,

        Defendant.

Case Number: CV06-00748 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 19, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Gregory L. Bedford T-22294
San Quentin State Prison
San Quentin, CA 94974

Michele Joette Swanson
CA State Attorney General's Office
455 Golden Gate Avenue
Suite 11000
San Francisco, CA 94102-7004

Dated: March 19, 2008

        Richard W. Wieking, Clerk
        By: Sheilah Cahill, Deputy Clerk

P:\PRO-SE\CW\HC.06\Bedford0748.denyMTD(sol).frm   11